UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DAVID MARGOLIN,

                Plaintiff,

-against-

NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION, ROGER BEAUPLAN, AND
DOES 1-10,

                Defendants.
------------------------------------------------------------X

**DECISION & ORDER**:
15-cv-1551 (WFK) (RML)

**WILLIAM F. KUNTZ II, United States District Judge:**

      Plaintiff David Margolin ("Plaintiff") moves for leave to serve a late notice of claim. Dkts. 4-5. By order of April 6, 2015, the Court referred Plaintiff's motion to Magistrate Judge Robert M. Levy for a report and recommendation. On April 16, 2015, Magistrate Judge Levy issued a report and recommendation to the Court that Plaintiff's motion be denied. Dkt. 7 ("R&R"). On April 30, 2015, Plaintiff filed his objection to the R&R. Dkt. 8 ("Objection"). On May 18, 2015, Defendant New York City Health and Hospitals Corporation ("NYC H&H") filed a reply to Plaintiff's objection, asking the Court to adopt the R&R. Dkt. 9 ("Reply"). For the reasons stated below, the Court hereby ADOPTS the R&R in its entirety.

      Plaintiff brought this action on March 25, 2015 pursuant to 42 U.S.C. § 1983 and New York State law alleging Defendants Roger Beauplan and Does, all employees of NYC H&H, unreasonably placed him on "psychiatric hold" for two days on December 25, 2013. Dkt. 1 ("Complaint") at ¶¶ 10-22. New York law requires Plaintiff to file his claim within ninety days after the occurrence giving rise to the claim. N.Y. Gen. Mun. Law § 50-e(1)(a). While Plaintiff may seek to extend the time to file his claim, New York law states that all such applications "shall be made to the supreme court or the county court." N.Y. Gen. Mun. Law §§ 50-e(5), 50-

e(7). As Magistrate Judge Levy noted in the R&R, the Second Circuit has not ruled definitively on whether New York law permits federal courts to grant applications to extend the time to file a claim. R&R at 2 (citing *Jackson v. City of New York*, 29 F. Supp. 3d 161, 181 (E.D.N.Y. 2014) (Chen, J.)). Plaintiff, citing *Arvelo v. City of New York*, 695 N.Y.S.2d 653 (N.Y. Civ. Ct. 1999), argues that the legislative intent of New York General Municipal Law § 50-e was not to deny state or federal civil courts the authority to extend the time to file a claim. Objection at 4-5. Plaintiff further argues there is nothing in New York General Municipal Law § 50-e that indicates any intent to divest federal courts of jurisdiction to extend the time to file a claim. *Id.* at 6.

Plaintiff's argument, however, is against the weight of decisions by district courts within the Second Circuit. *See* R&R at 2 (collecting recent cases and finding the weight of district court opinion to be overwhelmingly on the side of federal courts not having jurisdiction). Furthermore, the Court finds the plain text of New York General Municipal Law § 50-e(7) to clearly preclude consideration of such applications by the federal courts. N.Y. Gen. Mun. Law § 50-e(7) (stating all such applications "shall be made to the supreme court or the county court."). Accordingly, the Court hereby ADOPTS the R&R in its entirety, and DENIES Plaintiff's motion for leave to serve a late notice of claim.

## CONCLUSION

For the reasons stated above, the Report and Recommendation issued by Magistrate Judge Levy on April 16, 2015 is hereby ADOPTED in its entirety. Plaintiff's motion for leave to serve a late notice of claim is hereby DENIED. The Clerk of Court is respectfully instructed to close this case.

**SO ORDERED.**

/s/ WFK

_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: June 23, 2015
      Brooklyn, NY